BUVENS et al. v. BARDEN. (No. 244.)

(Court of Civil Appeals of Texas. Beaumont. June 7, 1917.)

1. APPEAL AND ERROR ☞564(5)—RECORD—STATEMENT OF FACTS.

Where a statement of facts on appeal has not been filed in the appellate court with the transcript, and leave has not been obtained to file it subsequently, it will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2504–2506, 2558, 2559.]

2. APPEAL AND ERROR ☞766—RECORD—BRIEFS.

A brief on appeal which fails to comply with the rules will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3101, 3126.]

Appeal from Harris County Court; Murray B. Jones, Judge.

Action by E. T. Barden against L. A. Buvens and others. Judgment for plaintiff, and defendants appeal. Affirmed.

B. L. Palmer, of Houston, for appellants. Hamblen Pattison, of Houston, for appellee.

BROOKE, J. This is a suit brought by E. T. Barden, owner of the Barden Electric

& Machinery Company, as plaintiff, against L. A. Buvens and Mrs. M. B. Buvens, as defendants, wherein plaintiff seeks to recover judgment on certain promissory notes given to him by the defendant, L. A. Buvens, in part payment of the purchase price of certain electrical wiring and fixtures sold to defendant by plaintiff. Mrs. M. B. Buvens becomes a party to the suit by reason of the fact that she indorsed the said notes for her son, L. A. Buvens. Plaintiff also seeks judgment of foreclosure of his lien upon the goods sold by him to the defendant L. A. Buvens.

The trial was before Hon. Murray B. Jones, judge of the county court at law of Harris county, was without a jury, and the court found for the plaintiff for the full amount of his claim.

The court filed the following findings of fact and conclusions of law, to wit:

"Findings of Fact.

"(1) On May 31, 1915, the defendant L. A. Buvens, for a valuable consideration, made, executed, and delivered to the plaintiff herein his two certain promissory notes introduced in evidence, No. 1 in the sum of $58.15, due on July 1, 1915, and No. 2 in the sum of $58.10, and due on August 1, 1915, and on the date of the execution of the notes gave plaintiff a lien, introduced in evidence, on certain electrical fixtures and wiring materials, described in plaintiff's petition, and now in plaintiff's possession, as hereinafter shown, which plaintiff installed in a moving picture show for defendant, and which said lien was duly filed of record with the county clerk of Harris county, Tex.

"(2) On or about July 13, 1915, defendant L. A. Buvens at that time having failed to pay the note due on July 1, 1915, and at that time owing plaintiff for other electrical fixtures, wiring materials, and for labor in installing same in his picture show in the sum of $153.89, for a valuable consideration, made, executed, and delivered to plaintiff his certain promissory note, dated July 13, 1915, for said sum introduced in evidence, and on that date, secured the indorsement of all three said notes by his mother, Mrs. M. B. Buvens, a widow, in consideration of and upon agreement with plaintiff for the extension in date of payment of the two first notes, which said notes in accordance therewith were extended in date of payment from their respective dates, the first thirty and second sixty days.

"(3) After running same for two or three months, defendants, finding the picture show unprofitable, dismantled said fixtures and wiring materials and carried them to his home where they remained for three or four months.

"(4) Plaintiff demanded payment of defendants when said notes became due, but defendants failed and refused to pay same or any part thereof. Plaintiff then notified defendants that suit would be filed and the property in their possession would be taken under process of law, when defendants agreed that plaintiff might take possession of said property without sequestration proceedings, which plaintiff did, placing it in a separate compartment, at his place of business, where same is now held for the purpose of being sold under order of sale, the mortgage giving such right.

"(5) Plaintiff filed suit upon his notes against defendants and prayed for judgment thereon and that his lien on said goods, wares, and merchandise be foreclosed and an order of sale be

issued thereon. Defendants answered, admitting the execution of the notes and mortgage, and claiming the plaintiff had lost his right of action on the notes and foreclosure of his lien on the property by taking the property back as aforesaid.

"(6) The property mentioned is far less in value than the amount of the indebtedness on account of much of the indebtedness being for labor in installing said fixtures and materials, and plaintiff never agreed or intended to repurchase the property or release the indebtedness, nor did defendants so consider it, but plaintiff took possession of same in accordance with the right given in the mortgage to do so and in order to save sequestration proceedings and to hold same pending foreclosure proceedings and sale.

"Conclusions of Law.

"I conclude that plaintiff is entitled to judgment against the defendants for the amount of the principal of the notes and interest and attorney's fees therein provided for, a total of $319.53, with interest from date of judgment at the rate of 10 per cent. per annum and for foreclosure of said lien on said property and costs, and that defendant's contention that the taking possession by plaintiff of the property released them from the indebtedness or constituted a repurchase is not sustained."

At the outset of this case, we are confronted with a motion to strike out the statement of facts and appellant's brief. The following is said motion:

"Now comes the appellee, and moves the court that the statement of facts and brief for appellants filed in this court in said cause be stricken out and not considered by the court, and that the judgment of the trial court in said cause be affirmed for lack thereof, and in that behalf would respectfully show:

"Appellants gave notice of appeal on March 30, 1916, and filed their appeal bond on the 20th day thereafter.

"The court's order allowed 30 days after adjournment of court to file statement of facts. Court adjourned on April 1st. Appellee's counsel agreed to the statement of facts, and appellants presented same to the trial court 35 days after court adjourned, and same was approved and ordered filed by the court on May 5th.

"Appellants filed the transcript in this court on the ninetieth day after the appeal was perfected.

"Notwithstanding the statement of facts was approved by and filed in the trial court on May 5th, and transcript filed in this court on July 18th, appellants did not file the statement of facts in this court until September 29th.

"The effect of article 2070 is to require the statement of facts to be filed in the appellate court with the transcript, thereby bringing same within the 90-day provision. No motion or other proceeding was had to obtain leave to file after the time allowed by showing good cause for failure to file in time, as required by article 1608.

"No reason is apparent for the delay other than that suggested by the fact that appellants took the full time allowed by law in each step of the appeal, thus postponing decision by this court to the latest date within their power.

"Wherefore appellee asks that same be stricken and not considered as a part of the record in this cause."

[1] With reference to this motion, we have examined the record, and find the facts stated therein to be true, and therefore the statement of facts will not be considered.

[2] With reference to the appellant's brief, we find no assignment of error, no proposition thereunder, and the brief in no respect complies with the rules. Therefore the brief of appellant cannot be considered.

We have examined the record to see if there was error apparent of record, and, finding no such error, the cause is in all things affirmed.